**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **DARNELL JEROME-MURPHY BEY,** ) | |
| **Agent for Darnell Murphy-Bey Trust,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 4:25CV1149 HEA** |
| ) | |
| **NORTH COUNTY COOPERATIVE** ) | |
| **POLICE DEPARTMENT,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand Case to State Court and Notice to Correct Caption, [ Doc. No. 10]. Considering the record in its entirety, the Court concludes that it lacks subject-matter jurisdiction over this case. Accordingly, the Court grants Plaintiff's Motion.

### Facts and Background

Plaintiff filed this action in state court on June 22, 2025. In his petition, Plaintiff claims he was detained without charge and property belonging to the DARNELL MURPHY BEY TRUST was seized by Defendant. Plaintiff brought

this "Verified Bill in Equity" demanding the return of his vehicle and other equitable relief.

On July 30, 2025, Defendant timely filed a Notice of Removal, asserting that removal is proper on the basis of federal-question jurisdiction, citing 28 U.S.C. § 1331. In support, Defendant highlights an attachment to the state court petition in which Plaintiff alleges that Defendant committed "constitutional violations"

On August 8, 2025, Plaintiff moved to remand the case because there is no federal statute or cause of action invoked. Defendant opposes remand.

## Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper "only if the action originally could have been filed" in federal court. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citation omitted). After removal, a plaintiff may seek remand on jurisdictional grounds, and relief must be granted if it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party "bears the burden of establishing federal jurisdiction," with "[a]ll doubts . . . resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citations omitted). As relevant here, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

2

"A case arises under federal law most directly when federal law creates the cause of action asserted." *Kellum v. Glister-Mary Lee Corp. Grp. Health Benefit Plan*, 115 F.4th 849, 852–53 (8th Cir. 2024) (quotation and alterations omitted). Jurisdiction based on a federal question typically "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. at 853 (citation omitted).

## Discussion

Under the applicable law, Defendant has failed to meet its burden of establishing subject-matter jurisdiction. In its Notice of Removal, Defendant cited primarily to one portion of Plaintiff's exhibit 1 to suggest that this is a cause of action under the U.S. Constitution. That exhibit states, under a caption titled "Affidavit of Non-Response," that "he served legal notice regarding constitutional violations"  But as Courts have held "vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction." *Henderson v. Jordan*, No. 4:09-CV-937-RWS, 2009 WL 2168692, at *2 (E.D. Mo. July 17, 2009) (collecting cases). While Plaintiff references 'constitutional violations," the demand in his Petition clarifies that this claim does not arise under the Constitution. Rather, the relief requested is an order for the return of his property and other equitable relief.

As such, the Court lacks subject-jurisdiction over this matter and must remand the case.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's Motion to Remand, [Doc. No. 10], is **GRANTED**.

An appropriate order of remand is entered this date.

Dated this 24th day of March, 2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE